BRONISLAW RYMIEC, Respondent, v. ADAM BACZYNSKI, Appellant.

Supreme Court, Appellate Term, Second Judicial Department, March Term, 1930.

*Harold H. Seaton*, for the appellant.

*Murray M. Cowen*, for the respondent.

PER CURIAM. Judgment and final order unanimously reversed upon the law, and order setting aside verdict unanimously modified

upon the law by providing that a new trial be granted, and, as so modified, the order is affirmed, without costs to this appeal to either party. There was no proof to justify a verdict for the defendant. Accepting his testimony as true, there was no actual partial eviction. The most the tenant could have claimed was that a basis existed for a constructive eviction, but that was not established because the tenant remained in possession, and there can be no constructive eviction unless the tenant vacates. (*City of New York* v. *Pike Realty Corporation*, 247 N. Y. 245.)

Even if the jury had awarded the tenant the full amount of the counterclaim as established, according to the trial justice's charge, still the landlord would have been entitled to his final order, because that amount was less than the rent admittedly unpaid. We have not passed upon the sufficiency of the proof to support the counterclaim. The trial court was right in setting aside the jury's verdict, but it should have granted a new trial, and not have entered a final order and judgment for the landlord. At that time, in the situation of the record, the court had no power to do the latter.

All concur; present, CROPSEY, MACCRATE and LEWIS, JJ.